UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MICHAEL RENEE HEW,

                Plaintiff,                        **MEMORANDUM AND ORDER**
                                                                          23-CV-8558 (PKC) (MMH)

           -against-

WELLS FARGO AUTO FINANCIAL
CORPORATION,

                Defendant.
----------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

        Plaintiff Michael Renee Hew ("Plaintiff") brings this *pro se* action against Defendant Wells Fargo Auto Financial Corporation ("Defendant") in connection with an automobile loan. (*See generally* Complaint ("Compl."), Dkt. 1.) Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 (*see* Dkt. 2) is granted for the purposes of this Order; however, for the reasons that follow, the Complaint is dismissed.

## BACKGROUND

        In 2021, Plaintiff secured financing for a 2017 GMC Yukon automobile from Defendant in the sum of $55,014.55. (Compl. at 1.) Plaintiff asserts that he made all payments in connection with the loan prior to filing the instant action. (*Id.*) On June 26, 2023, Plaintiff submitted a Letter of Rescission under the Truth in Lending Act, 15 U.S.C. § 1635(a), to rescind the loan but his request to rescind was denied by Defendant. (Compl. at 2.) Plaintiff brings this action under § 1635(a) and its implementing regulations, seeking a court order directing Defendant to rescind his automobile loan. (*Id.*)

**STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). Nonetheless, a district court shall dismiss an IFP action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

Plaintiff brings this action pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*, and the regulations thereunder. Under 15 U.S.C § 1635(a), when a borrower applies for credit secured by their "principal dwelling," the lender must provide specific disclosures regarding the loan terms. If the lender fails to provide these required disclosures at the time of financing, TILA gives the borrower the right to rescind the loan. *See* 15 U.S.C. § 1635(a).

However, § 1635(a) does not apply to automobile financing loans because "the right of rescission only applies to transactions in which the creditor acquires a security interest in the

borrower's principal dwelling." *Yarborough v. Queens Auto Mall, Inc.*, No. 08-CV-3179, 2020 WL 1223584, at *2 (E.D.N.Y. Mar. 23, 2010) (citing Section 1635(a)); *see also* 15 U.S.C. § 1635(a) ("Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in *any property which is used as the principal dwelling of the person* to whom credit is extended, the obligor shall have the right to rescind the transaction . . . ." (emphasis added)). "Courts have consistently held that [§ 1635(a)] does not apply to motor vehicle transactions." *Wiggins v. Capital One Auto Finance*, No. 22-CV-4172, 2023 WL 4348730, at *4 (D.N.J. July 5, 2023) (citing *West v. Wells Fargo Auto*, No. 22-CV-4405, 2023 WL 199676, at *3 (E.D. Pa. Jan. 17, 2023)); *see, e.g.*, *id.* (holding that plaintiff was "not entitled to rescind [her automobile financing contract] under 15 U.S.C. § 1635 because the contract was secured by her 2020 Mercedes-Benz rather than real property that [she] used as her principal dwelling"); *Yarborough*, 2020 WL 1223584, at *2; *Cooper v. Chrysler Capital*, Nos. 21-CV-6661, 21-CV-6662, 21-CV-6663, 2021 WL 6064345, at *1 n.1 (W.D.N.Y. Dec. 22, 2021) (concluding § 1635(a) did not apply to a plaintiff's "auto-financing transaction" (citations omitted)); *see also, e.g.*, *Stephens v. Regional Hyundai, LLC*, No. 21-CV-0414, 2022 WL 3139749, at *2 (N.D. Okla. Aug. 5, 2022); *Hudson v. Scharf*, No. 21-CV-5827, 2022 WL 1227111, at *3 (W.D. Wash. Apr. 25, 2022); *Jeffries v. Wells Fargo Bank, NA*, No. 10-CV-5889, 2011 WL 5023396, at *4 (N.D. Ill. Oct. 19, 2011).

Because Plaintiff seeks to rescind a loan that does not have any alleged connection to his "principal dwelling," he fails to state a claim for relief under § 1635(a) and its implementing regulations. Accordingly, his Complaint must be dismissed.

## DENIAL OF LEAVE TO AMEND

The Second Circuit has held that leave to amend should be granted liberally to *pro se* litigants. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] *pro se* complaint generally should not be dismissed without granting the plaintiff leave to amend at least once. . . ."); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, at *3 (2d Cir. Sept. 15, 2022) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, the Court concludes that granting leave to amend would be futile and declines to do so.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915, solely for purposes of this Order; however, the Court dismisses Plaintiff's Complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is respectfully directed to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 19, 2023
    Brooklyn, New York